IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MCCORMICK & SCHMICK'S SEAFOOD
RESTAURANTS, INC., an Oregon
corporation,                              Civ. No. 08-1011-AA
                                          OPINION AND ORDER
                Plaintiff,

        v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., a
Pennsylvania corporation, and
ILLINOIS NATIONAL INSURANCE
COMPANY, an Illinois
corporation,

                Defendants.

_____

James M. Barrett
Attorney At Law
1331 NW Lovejoy Street, Suite 900
Portland, OR  97209

Leonard S. Surdyk
Robert B. Baker

Page 1  - OPINION AND ORDER

Attorneys At Law
225 W. Washington Street, Suite 2200
Chicago, IL 60606
    Attorneys for Plaintiff

Margaret M. Van Valkenburg
Attorney At Law
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

Nicholas P. Crowell
Andrew D. Hart
Attorneys At Law
787 Seventh Avenue
New York, NY 10019
    Attorneys for Defendants


AIKEN, Chief Judge:

    This matter comes before the Court on Plaintiff's Motion for
Award of Attorney Fees. Plaintiff McCormick & Schmick's Seafood
Restaurants, Inc., ("M&S") brought this diversity action for
damages caused by a breach of contract and declaratory relief to
determine the rights, duties, and obligations of the parties
under a series of insurance policies against  Defendants,
National Union fire Insurance Company of Pittsburgh, PA
("National Union") and Illinois National Insurance company
("Illinois National") (collectively, "AIG"). Plaintiff's motion
for summary judgment was granted in part and denied in part, and
defendants' motion for summary judgment was granted in part and
denied in part. For the reasons that follow, plaintiff's motion
for award of attorney fees is granted.

Page 2 - OPINION AND ORDER

## Background

This action arises out of a dispute between the parties concerning the availability of insurance coverage pursuant to six insurance policies for thirteen events that occurred over the course of four years involving claims made by twenty-one individuals. M&S filed suit against National Union and Illinois National seeking damages for two breach of contract claims against both insurers (Counts I and II), and seeking declaratory judgment as to each insurer's obligations under the policies (Count III). The underlying facts and circumstances are not in dispute.

Plaintiff now requests attorney fees in the amount of $758,113.45 pursuant to Or. Rev. Stat. 742.061. Defendant argues that the plaintiff's motion must be denied because Oregon Law is not controlling, but rather New York law should apply. Alternatively, defendants argue that even if Oregon law controls, plaintiff is not the prevailing party and therefore not entitled to attorney's fees. Doc. No. 120 at 1-2. Further, defendants argue that if the court grants attorney's fees, the award should be substantially less than the amount requested because (I) the award should reflect "an appropriate allocation in light of Plaintiff's minimal success in these proceedings;" and (ii) comport with the governing precedent concerning the reasonableness of fees. Id.

Page 3 - OPINION AND ORDER

## Standards

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007) (internal citation omitted). Therefore, in this matter, Oregon law applies. Plaintiff seeks attorney fees pursuant to ORS § 742.061(1), which provides in relevant part:

[I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorneys fees shall be taxed as part of the costs of the action and any appeal thereon.

"If the conditions enumerated in the statute are met, the decision is not a discretionary one." Petersen v. Farmers Ins. Co. of Oregon, 162 Or.App. 462, 466, 986 P.2d 659 (1999). Thus the court must grant attorney fees when the statutory requirements are satisfied. Id. Once the court elects to award attorney's fees, the court must determine the reasonableness of the award based on a two step inquiry prescribed by Oregon Revised Statute § 20.075. Specifically, the court must consider the factors identified in section 20.075(1) in combination with the eight factors set forth in section 20.075(2).

Page 4 - OPINION AND ORDER

Discussion

**A. Oregon Law Applies**

Defendant argues that Oregon law does not govern plaintiff's entitlement to attorney fees. Doc. No. 120 at 2. However, precedent dictates otherwise. "Under Oregon choice of law provisions, the state law chosen by the parties to control the substantive issue under dispute also controls the issue of attorney's fees unless doing so would circumvent a fundamental public policy of Oregon Law." Avery v. First Resolution Mgmt Corp., 568 F.3d 1018, 1023 (9th Cir. 2009) (citing Fiedler v. Bowler, 117 Or. App. 162, 843 P.3d 961, 963 (1992)). Oregon law controlled in the underlying dispute and therefore controls in this matter. Opinion and Order, Dkt. No. 88 p. 21. Moreover, it is well settled that when a district court has diversity jurisdiction, the law of the state where the district court sits, determines the party's entitlement to attorney fees. Carnes, 488 F.3d at 1059. Therefore, Oregon law applies.

**B. Plaintiff is the prevailing party and entitled to attorneys fees.**

Defendants argue that plaintiff is not entitled to attorney's fees because plaintiff is not the prevailing party. Doc. No. 120 at 10. Or. Rev. Stat. § 20.077 requires the court to identify the prevailing party in instances where an award of attorneys fees is authorized or required. A prevailing party is

Page 5 - OPINION AND ORDER

"the party who receives a favorable judgment or arbitration award on the claim." ORS § 20.077(2). In actions with multiple claims, the determination must be made on a claim by claim basis. Beggs v. Hart, 221 Or. App. 528, 191 P.3d 747, 752 (2008). Thus, under ORS § 20.077, a case may have more than one prevailing party. Id. Furthermore, the purpose of the entitlement statute, ORS 742.061, is to encourage settlement of insurance claims without litigation. Hennessy v. Mutual of Enumclaw Ins. Co., 229 Or. App. 405,211 P.3d 325, 327 (2009) (internal citation omitted). "Thus, if an insurer denies an insurance claim, and a Plaintiff succeeds in recovering on that claim in a lawsuit, the Plaintiff is entitled to reasonable attorney fees, even if the insurer's denial was in good faith." Id.

Defendants concede that plaintiff prevailed on two out of three claims. Def's Memo Opp Atty's fees at 10. Defendants note, however, that plaintiff failed to receive all the coverage sought. Id. "However, it does not necessarily follow that, merely because a party does not obtain all the relief sought, a party is not a prevailing party." Beggs, 191 P.3d at 752. Plaintiff received $413,231.96 (5.3%) of the $7.8 million sought. Although plaintiff received a favorable judgment on the issue central to the case; that is coverage for Baltimore and Fields Claim pursuant to the post-2004 EPL Policies. Opinion and

Page 6 - OPINION AND ORDER

Order , Dkt. 88, pp. 32, 41. This is similar to the issue in
Hennessy where the court designated plaintiff as the prevailing
party because plaintiff received a favorable judgment on the
central issues in the case. 211 P.3d 325. The court also held
that finding plaintiff did not prevail because the damages
recovered was only 2.5% of the amount sought, would be counter
to the policy behind ORS 742.061. Hennessy, 211 P.3d at 327.
Given the favorable and uncontested judgments in the Baltimore
and Fields Claims and the controlling case law in Hennessy, I
find plaintiff here is the prevailing party.

It is also uncontested that defendants received timely
notice of the claims, thereby satisfying ORS 742.061's proof of
loss requirement. Opinion and Order, Dkt. 88, pp. 9, 17; see
Scott v. State Farm Mut. Auto Ins. Co., 345 Or. 146, 151, 190
P.3d 372 (2008) (proof of loss means "any submission that would
permit an insurer to estimate its qualifications"). Further,
defendants denied these claims and did not respond to the notice
of the subsequent Baltimore Lawsuit. Opinion and Order , Dkt.
88, pp.at 10. Thus, plaintiff satisfies the provisions of ORS
742.061, and is therefore entitled to fees.

## C. Reasonableness of Attorney Fees

The reasonableness of an attorney fee award is
determined by the factors in ORS 20.075. Alexander Mfg. Inc.
Employee Stock Ownership Plan & Trust , v. Illinois Union Ins.

Co., 688 F.Supp.2d 1170, 1181 (D. Or. 2010) (citing McCarthy v.

Oregon Freeze Dry, Inc., 327 Or. 84, 188, 957 P.2d 1200

(1998)). "The opposing party's objections to the attorney fee

award 'play an important role' in framing the issues relevant to

the courts decision." Id. In the absence of objections, the

court has an independent duty to ensure that the award is

reasonable. Id. The court must list the factors or briefly

explain the reasons for its decision. Id. However, the court is

not required "to make findings on other statutory criteria that

play no role in the court's decision." Id. Finally, "[w]hen a

party prevails in an action that encompasses both a claim for

which attorney fees are authorized and a claim for which they

are not, the trial court must apportion attorney fees, except

when there are issues common to both claims. Alexander Mfg., 688

F.Supp.2d, at 1179-80 (internal citation omitted). If the claims

have common legal issues, the court does not need to apportion

attorney fees because the party entitled to the fees would have

incurred the same expense regardless of the additional claim.

Id.

## 1. Oregon Revised Statute § 20.075(1)

When evaluating the reasonableness of a fee request, ORS

20.075(1) requires courts to consider the following factors:

> (a) The conduct of the parties in the
> transactions or occurrences that gave rise
> to the litigation, including any conduct

of a party that was reckless, willful,
malicious, in bad faith or illegal.
    (b) The objective reasonableness of
the claims and defenses asserted by the
parties.
    (c) The extent to which an award of
an attorney fee in the case would deter
others from asserting good faith claims or
defenses in similar cases.
    (d) The extent to which an award of
an attorney fee in the case would deter
others from asserting merit less claims
and defenses.
    (e) The objective reasonableness of
the parties and the diligence of the
parties and their attorneys during the
proceedings.
    (f) The objective reasonableness of
the parties and the diligence of the
parties in pursuing settlement of the
dispute.
    (g) The amount that the court has
awarded as a prevailing party fee under
ORS 20.190.
    (h) Such other factors as the court
may consider appropriate under the
circumstances.

a. Sections 20.075(1)(a)-(b)

Defendants argue that plaintiff provided no evidence to
support its claim that defendants' behavior was reckless and
unreasonable. Doc. No. 120 at 17. The Court agrees that there
is no evidence of reckless behavior by defendants and finds
that factor falls in the defendants' favor. Plaintiff, however,
referenced defendants' unreasonable arguments made regarding
the Baltimore Claim. Doc. No. 115 at 6. This court previously
noted that the arguments put forth against the Baltimore claim
was unsupported by case law and would lead to "untenable

Page 9 - OPINION AND ORDER

results" if upheld. Opinion and Order, Doc No. 88, at 31.
Factor (b) weighs in favor of plaintiff because of the
unsupported, and therefore, unreasonable arguments set forth by
defendants regarding the Baltimore Claim.

b. Sections 20.075(1)(c)-(e)

I find that factors (c)-(e) weigh equally in favor of
both parties. Since the results in the underlying suit were
mixed, the grant of attorney fees would not deter other good
faith claims and defenses. Nor would it encourage merit less
claims and defenses. Furthermore, counsel for both parties were
appropriate and professional. Moreover, regarding ORS 742.061,
the state of Oregon has decided to use the grant of attorney's
fees to encourage settlement prior to litigation. Hennessy, 211
P.3d at 327. This underlying policy persuades the Court to lean
in the direction of awarding attorneys fees particularly in
cases with mixed results.

c. Sections 20.075(1)(f)-(h)

Factor (f) weighs in favor of plaintiff. Defendants
allege that they actively sought to promote settlement of these
proceedings on a number of occasions. Doc. No. 120 at 19.
Defendants, however, fail to cite any evidence to support this
allegation. Therefore, the court finds that factor (f) falls in
plaintiff's favor. Factor (g) is irrelevant in this matter.

Finally, factor (h) weighs in defendants' favor. The

court notes the insufficient billing filed by plaintiff's

counsel. The block billing was factored in the court's fee

calculation and was partially responsible for the reduced award

(discussed below).

## 2. **Oregon Revised Statute 20.75(2)**

The second part of this two-part inquiry requires the

court to consider the following factors:

> (a) The time and labor required in
> the proceeding, the novelty and difficulty
> of the questions involved in the
> proceeding and the skill needed to
> properly perform the legal services.
>         (b) The likelihood, if apparent to
> the client, that the acceptance
>         of the particular employment by the
> attorney would preclude the attorney from
> taking other cases.
>         (c) The fee customarily charged in
> the locality for similar legal services.
>         (d) The amount involved in the
> controversy and the results obtained.
>         (e) The time limitations imposed by
> the client or the circumstances of the
> case.
>         (f) The nature and length of the
> attorney's professional relationship with
> the client.
>         (g) The experience, reputation and
> ability of the attorney performing the
> services.
>         (h) Whether the fee of the attorney
> is fixed or contingent.

a. Sections 20.075(2)(a), (c)

Defendants argue that plaintiff's counsel's rates are

unreasonable relative to the rates charged in the District of

Oregon and that the hours billed were excessive. Doc. No. 120 at

Page 11 - OPINION AND ORDER

24-25. The court finds these arguments unpersuasive. The hours
billed are commensurate to the complexity of this case. As
defendants note, this case involved coverage for multiple
insurance policies covering several years. Id. Even though
plaintiff was unsuccessful in obtaining coverage for some
claims, the court notes the complexity of the issues and deems
the effort expended appropriate.

        The court next finds that the rate charged by
plaintiff's counsel was commensurate with the rates charged in
the District of Oregon and the nature of this claim. The
benchmark for attorney rates is the Oregon State Bar 2007
Economic Survey and the supplemental March 2008 Hourly Rates
Survey. Sterling Savings Bank v. Sequoia Crossing, Civ. No. 09-
55-AC, 2010 WL 3210855, at *8 (D. Or. Aug. 11, 2010). The
average business litigation rate is $299 per hour. The court
does not award rates higher than the average without some
justification for doing so. Id. Plaintiff's counsel charged $300
per hour for 37% of the hours billed. See Baker Decl. at 4. This
amount comports with the average rate as reported by the Oregon
State Bar Association. Plaintiff argues that the survey lacks a
subcategory for complex business litigation and further notes
that one-third of the survey's respondents reported an hourly
rate between $300 and $399. See Oregon State Bar, 2008 Hourly
Rates Survey, at 2 (June 2008), available at

Page 12 - OPINION AND ORDER

http://www.osbar.orger/surveys_research/. Plaintiff further
argues that the high dollar value of this action and the
complexity of issues warranted the higher rate. Doc. No. 115 at
9. The court finds these arguments persuasive and therefore
finds the rates billed appropriate.

### b. Section 20.075(2)(d)

Factor (d), the relation between the amount of
controversy and the relief obtained, weighs in defendants'
favor. Plaintiff obtained coverage for three out of twelve
claims and recovered only a small fraction of the damages
sought.

### c. Sections 20.075(2)(b), (e), (f), (h), (g)

Finally, defendants do not dispute plaintiff's
description of the experience, reputation, and ability of
plaintiff's attorneys. Therefore, factors (f), (g), and (h)
weigh in plaintiff's favor. As agreed by both parties, factors
(b) and (e) are irrelevant to this matter.

In sum, the court finds an award of attorney's fees
reasonable, however, the court deems it appropriate to award
less than plaintiff requested.

**D. Plaintiff is awarded attorneys fees in the amount of
$ 379,057.**

The court grants plaintiff's attorney's fees in the
amount of $379,057, 50% of the amount requested. Although,

plaintiff was successful in some respects, the amount of attorney fees requested are unreasonable relative to the total outcome. Defendants concede that plaintiff was successful on three out of twelve claims. Doc. No. 120 at 14. Although the central issue in this case was whether the insurance policy covered the various claims, the inquiries into individual claims were fact specific. It is unlikely that plaintiff needed to address all the unsuccessful claims to prove its Baltimore and Field claims. Thus, the court is required to apportion the attorneys fees because some of the claims were essentially unrelated to the Baltimore and Fields Claims. Bennett v. Baugh, 164 Or. App. 243, 248, 990 P.2d 917(1999). The court notes, however, that some of the claims were sufficiently related and therefore warrants an award greater than the 25% of the claims where plaintiff prevailed. See Scott v. American United Life Insurance, No. CV. 05-1215-AS, 2008 WL 123848, at *1 (D. Or. Jan. 9, 2008) (court granted fees for two out of five claims although plaintiff succeeded on only one claim due to the related nature of the other claims).

Plaintiff's award is further reduced by approximately 30% due to the lack of billing. The Court has warned attorneys against submitting fee petitions that lack sufficient detail because it prevents the court from properly assessing the reasonableness of the fees. See Message from the Court Regarding

Page 14 - OPINION AND ORDER

Attorney Fee Petitions,

http://ord.uscourts.gov/court-policies/message-from-the-court-re

garding-fee-petitions,(last updated June 7, 2010). Further, the

court finds a reduction is appropriate due to inadequate detail.

Id. As noted by defendants, plaintiff's invoices failed to

properly detail the time spent on each task. This failure

prevents the court from properly assessing the time spent on

each claim. Finally, as noted earlier, the award was further

reduced to account for the work done on unsuccessful claims

prior to the start of litigation.

Taking the block billing into account and plaintiff's

relative success, this court finds that an award of $379,057, or

50% of the amount requested by plaintiff, appropriate. This

award achieves ORS 742.061's policy goals of encouraging

settlement prior to litigation while providing an equitable

outcome for both parties.

Page 15 - OPINION AND ORDER

Conclusion

For the reasons stated above, plaintiff's motion for attorneys fees (doc. 114) is granted in the amount of $379,057. The parties' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this _____ day of September 2011.

Ann Aiken
United States District Judge