IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MCCORMICK & SCHMICK'S SEAFOOD
RESTAURANTS, INC., an Oregon
corporation,

        Plaintiff,

   v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., a
Pennsylvania corporation, and
ILLINOIS NATIONAL INSURANCE
COMPANY, an Illinois
corporation,

        Defendants.

Civ. No. 08-1011-AA
OPINION AND ORDER

---

James M. Barrett
Attorney At Law
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209

Leonard S. Surdyk
Robert B. Baker

Page 1 - OPINION AND ORDER

Attorneys At Law
225 W. Washington Street, Suite 2200
Chicago, IL  60606
    Attorneys for Plaintiff

Margaret M. Van Valkenburg
Attorney At Law
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204

Nicholas P. Crowell
Andrew D. Hart
Attorneys At Law
787 Seventh Avenue
New York, NY  10019
    Attorneys for Defendants

AIKEN, Chief Judge:

This matter comes before the Court on Plaintiff's Motion for Award of Attorney Fees. Plaintiff McCormick & Schmick's Seafood Restaurants, Inc., ("M&S") brought this diversity action for damages caused by a breach of contract and declaratory relief to determine the rights, duties, and obligations of the parties under a series of insurance policies against Defendants, National Union fire Insurance Company of Pittsburgh, PA ("National Union") and Illinois National Insurance company ("Illinois National") (collectively, "AIG"). Plaintiff's motion for summary judgment was granted in part and denied in part, and defendants' motion for summary judgment was granted in part and denied in part. For the reasons that follow, plaintiff's motion for award of attorney fees is granted.

Background

This action arises out of a dispute between the parties concerning the availability of insurance coverage pursuant to six insurance policies for thirteen events that occurred over the course of four years involving claims made by twenty-one individuals. M&S filed suit against National Union and Illinois National seeking damages for two breach of contract claims against both insurers (Counts I and II), and seeking declaratory judgment as to each insurer's obligations under the policies (Count III). The underlying facts and circumstances are not in dispute.

Plaintiff now requests attorney fees in the amount of $758,113.45 pursuant to Or. Rev. Stat. 742.061. Defendant argues that the plaintiff's motion must be denied because Oregon Law is not controlling, but rather New York law should apply. Alternatively, defendants argue that even if Oregon law controls, plaintiff is not the prevailing party and therefore not entitled to attorney's fees. Doc. No. 120 at 1-2. Further, defendants argue that if the court grants attorney's fees, the award should be substantially less than the amount requested because (I) the award should reflect "an appropriate allocation in light of Plaintiff's minimal success in these proceedings;" and (ii) comport with the governing precedent concerning the reasonableness of fees. Id.

## Standards

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007) (internal citation omitted). Therefore, in this matter, Oregon law applies. Plaintiff seeks attorney fees pursuant to ORS § 742.061(1), which provides in relevant part:

> [I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorneys fees shall be taxed as part of the costs of the action and any appeal thereon.

"If the conditions enumerated in the statute are met, the decision is not a discretionary one." Petersen v. Farmers Ins. Co. of Oregon, 162 Or.App. 462, 466, 986 P.2d 659 (1999). Thus the court must grant attorney fees when the statutory requirements are satisfied. Id. Once the court elects to award attorney's fees, the court must determine the reasonableness of the award based on a two step inquiry prescribed by Oregon Revised Statute § 20.075. Specifically, the court must consider the factors identified in section 20.075(1) in combination with the eight factors set forth in section 20.075(2).

Discussion

**A. Oregon Law Applies**

Defendant argues that Oregon law does not govern plaintiff's entitlement to attorney fees. Doc. No. 120 at 2. However, precedent dictates otherwise. "Under Oregon choice of law provisions, the state law chosen by the parties to control the substantive issue under dispute also controls the issue of attorney's fees unless doing so would circumvent a fundamental public policy of Oregon Law." <u>Avery v. First Resolution Mgmt Corp.</u>, 568 F.3d 1018, 1023 (9th Cir. 2009) (citing <u>Fiedler v. Bowler</u>, 117 Or. App. 162, 843 P.3d 961, 963 (1992)). Oregon law controlled in the underlying dispute and therefore controls in this matter. Opinion and Order, Dkt. No. 88 p. 21. Moreover, it is well settled that when a district court has diversity jurisdiction, the law of the state where the district court sits, determines the party's entitlement to attorney fees. <u>Carnes</u>, 488 F.3d at 1059. Therefore, Oregon law applies.

**B. Plaintiff is the prevailing party and entitled to attorneys fees.**

Defendants argue that plaintiff is not entitled to attorney's fees because plaintiff is not the prevailing party. Doc. No. 120 at 10. Or. Rev. Stat. § 20.077 requires the court to identify the prevailing party in instances where an award of attorneys fees is authorized or required. A prevailing party is

Page 5 - OPINION AND ORDER

"the party who receives a favorable judgment or arbitration award on the claim." ORS § 20.077(2). In actions with multiple claims, the determination must be made on a claim by claim basis. Beggs v. Hart, 221 Or. App. 528, 191 P.3d 747, 752 (2008). Thus, under ORS § 20.077, a case may have more than one prevailing party. Id. Furthermore, the purpose of the entitlement statute, ORS 742.061, is to encourage settlement of insurance claims without litigation. Hennessy v. Mutual of Enumclaw Ins. Co., 229 Or. App. 405, 211 P.3d 325, 327 (2009) (internal citation omitted). "Thus, if an insurer denies an insurance claim, and a Plaintiff succeeds in recovering on that claim in a lawsuit, the Plaintiff is entitled to reasonable attorney fees, even if the insurer's denial was in good faith." Id.

Defendants concede that plaintiff prevailed on two out of three claims. Def's Memo Opp Atty's fees at 10. Defendants note, however, that plaintiff failed to receive all the coverage sought. Id. "However, it does not necessarily follow that, merely because a party does not obtain all the relief sought, a party is not a prevailing party." Beggs, 191 P.3d at 752. Plaintiff received $413,231.96 (5.3%) of the $7.8 million sought. Although plaintiff received a favorable judgment on the issue central to the case; that is coverage for Baltimore and Fields Claim pursuant to the post-2004 EPL Policies. Opinion and

Page 6 - OPINION AND ORDER

Order , Dkt. 88, pp. 32, 41. This is similar to the issue in Hennessy where the court designated plaintiff as the prevailing party because plaintiff received a favorable judgment on the central issues in the case. 211 P.3d 325. The court also held that finding plaintiff did not prevail because the damages recovered was only 2.5% of the amount sought, would be counter to the policy behind ORS 742.061. Hennessy, 211 P.3d at 327. Given the favorable and uncontested judgments in the Baltimore and Fields Claims and the controlling case law in Hennessy, I find plaintiff here is the prevailing party.

It is also uncontested that defendants received timely notice of the claims, thereby satisfying ORS 742.061's proof of loss requirement. Opinion and Order, Dkt. 88, pp. 9, 17; see Scott v. State Farm Mut. Auto Ins. Co., 345 Or. 146, 151, 190 P.3d 372 (2008) (proof of loss means "any submission that would permit an insurer to estimate its qualifications"). Further, defendants denied these claims and did not respond to the notice of the subsequent Baltimore Lawsuit. Opinion and Order , Dkt. 88, pp.at 10. Thus, plaintiff satisfies the provisions of ORS 742.061, and is therefore entitled to fees.

### C. Reasonableness of Attorney Fees

The reasonableness of an attorney fee award is determined by the factors in ORS 20.075. Alexander Mfg. Inc. Employee Stock Ownership Plan & Trust , v. Illinois Union Ins.

Co., 688 F.Supp.2d 1170, 1181 (D. Or. 2010) (citing McCarthy v. Oregon Freeze Dry, Inc., 327 Or. 84, 188, 957 P.2d 1200 (1998)). "The opposing party's objections to the attorney fee award 'play an important role' in framing the issues relevant to the courts decision." Id. In the absence of objections, the court has an independent duty to ensure that the award is reasonable. Id. The court must list the factors or briefly explain the reasons for its decision. Id. However, the court is not required "to make findings on other statutory criteria that play no role in the court's decision." Id. Finally, "[w]hen a party prevails in an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion attorney fees, except when there are issues common to both claims. Alexander Mfg., 688 F.Supp.2d, at 1179-80 (internal citation omitted). If the claims have common legal issues, the court does not need to apportion attorney fees because the party entitled to the fees would have incurred the same expense regardless of the additional claim. Id.

### 1. Oregon Revised Statute § 20.075(1)

When evaluating the reasonableness of a fee request, ORS 20.075(1) requires courts to consider the following factors:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct

of a party that was reckless, willful, malicious, in bad faith or illegal.
    (b) The objective reasonableness of the claims and defenses asserted by the parties.
    (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
    (d) The extent to which an award of an attorney fee in the case would deter others from asserting merit less claims and defenses.
    (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
    (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
    (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
    (h) Such other factors as the court may consider appropriate under the circumstances.

a. Sections 20.075(1)(a)-(b)

Defendants argue that plaintiff provided no evidence to support its claim that defendants' behavior was reckless and unreasonable. Doc. No. 120 at 17. The Court agrees that there is no evidence of reckless behavior by defendants and finds that factor falls in the defendants' favor. Plaintiff, however, referenced defendants' unreasonable arguments made regarding the Baltimore Claim. Doc. No. 115 at 6. This court previously noted that the arguments put forth against the Baltimore claim was unsupported by case law and would lead to "untenable

Page 9 - OPINION AND ORDER

results" if upheld. Opinion and Order, Doc No. 88, at 31. Factor (b) weighs in favor of plaintiff because of the unsupported, and therefore, unreasonable arguments set forth by defendants regarding the Baltimore Claim.

b. Sections 20.075(1)(c)-(e)

I find that factors (c)-(e) weigh equally in favor of both parties. Since the results in the underlying suit were mixed, the grant of attorney fees would not deter other good faith claims and defenses. Nor would it encourage merit less claims and defenses. Furthermore, counsel for both parties were appropriate and professional. Moreover, regarding ORS 742.061, the state of Oregon has decided to use the grant of attorney's fees to encourage settlement prior to litigation. Hennessy, 211 P.3d at 327. This underlying policy persuades the Court to lean in the direction of awarding attorneys fees particularly in cases with mixed results.

c. Sections 20.075(1)(f)-(h)

Factor (f) weighs in favor of plaintiff. Defendants allege that they actively sought to promote settlement of these proceedings on a number of occasions. Doc. No. 120 at 19. Defendants, however, fail to cite any evidence to support this allegation. Therefore, the court finds that factor (f) falls in plaintiff's favor. Factor (g) is irrelevant in this matter.

Finally, factor (h) weighs in defendants' favor. The

court notes the insufficient billing filed by plaintiff's counsel. The block billing was factored in the court's fee calculation and was partially responsible for the reduced award (discussed below).

### 2. Oregon Revised Statute 20.75(2)

The second part of this two-part inquiry requires the court to consider the following factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

#### a. Sections 20.075(2)(a), (c)

Defendants argue that plaintiff's counsel's rates are unreasonable relative to the rates charged in the District of Oregon and that the hours billed were excessive. Doc. No. 120 at

Page 11 - OPINION AND ORDER

24-25. The court finds these arguments unpersuasive. The hours billed are commensurate to the complexity of this case. As defendants note, this case involved coverage for multiple insurance policies covering several years. Id. Even though plaintiff was unsuccessful in obtaining coverage for some claims, the court notes the complexity of the issues and deems the effort expended appropriate.

The court next finds that the rate charged by plaintiff's counsel was commensurate with the rates charged in the District of Oregon and the nature of this claim. The benchmark for attorney rates is the Oregon State Bar 2007 Economic Survey and the supplemental March 2008 Hourly Rates Survey. Sterling Savings Bank v. Sequoia Crossing, Civ. No. 09-55-AC, 2010 WL 3210855, at *8 (D. Or. Aug. 11, 2010). The average business litigation rate is $299 per hour. The court does not award rates higher than the average without some justification for doing so. Id. Plaintiff's counsel charged $300 per hour for 37% of the hours billed. See Baker Decl. at 4. This amount comports with the average rate as reported by the Oregon State Bar Association. Plaintiff argues that the survey lacks a subcategory for complex business litigation and further notes that one-third of the survey's respondents reported an hourly rate between $300 and $399. See Oregon State Bar, *2008 Hourly Rates Survey*, at 2 (June 2008), *available at*

Page 12 - OPINION AND ORDER

http://www.osbar.orger/surveys_research/. Plaintiff further argues that the high dollar value of this action and the complexity of issues warranted the higher rate. Doc. No. 115 at 9. The court finds these arguments persuasive and therefore finds the rates billed appropriate.

### b. Section 20.075(2)(d)

Factor (d), the relation between the amount of controversy and the relief obtained, weighs in defendants' favor. Plaintiff obtained coverage for three out of twelve claims and recovered only a small fraction of the damages sought.

### c. Sections 20.075(2)(b), (e), (f), (h), (g)

Finally, defendants do not dispute plaintiff's description of the experience, reputation, and ability of plaintiff's attorneys. Therefore, factors (f), (g), and (h) weigh in plaintiff's favor. As agreed by both parties, factors (b) and (e) are irrelevant to this matter.

In sum, the court finds an award of attorney's fees reasonable, however, the court deems it appropriate to award less than plaintiff requested.

**D. Plaintiff is awarded attorneys fees in the amount of $ 379,057.**

The court grants plaintiff's attorney's fees in the amount of $379,057, 50% of the amount requested. Although,

plaintiff was successful in some respects, the amount of attorney fees requested are unreasonable relative to the total outcome. Defendants concede that plaintiff was successful on three out of twelve claims. Doc. No. 120 at 14. Although the central issue in this case was whether the insurance policy covered the various claims, the inquiries into individual claims were fact specific. It is unlikely that plaintiff needed to address all the unsuccessful claims to prove its Baltimore and Field claims. Thus, the court is required to apportion the attorneys fees because some of the claims were essentially unrelated to the Baltimore and Fields Claims. Bennett v. Baugh, 164 Or. App. 243, 248, 990 P.2d 917(1999). The court notes, however, that some of the claims were sufficiently related and therefore warrants an award greater than the 25% of the claims where plaintiff prevailed. See Scott v. American United Life Insurance, No. CV. 05-1215-AS, 2008 WL 123848, at *1 (D. Or. Jan. 9, 2008) (court granted fees for two out of five claims although plaintiff succeeded on only one claim due to the related nature of the other claims).

Plaintiff's award is further reduced by approximately 30% due to the lack of billing. The Court has warned attorneys against submitting fee petitions that lack sufficient detail because it prevents the court from properly assessing the reasonableness of the fees. See Message from the Court Regarding

Page 14 - OPINION AND ORDER

Attorney Fee Petitions, http://ord.uscourts.gov/court-policies/message-from-the-court-regarding-fee-petitions, (last updated June 7, 2010). Further, the court finds a reduction is appropriate due to inadequate detail. <u>Id.</u> As noted by defendants, plaintiff's invoices failed to properly detail the time spent on each task. This failure prevents the court from properly assessing the time spent on each claim. Finally, as noted earlier, the award was further reduced to account for the work done on unsuccessful claims prior to the start of litigation.

Taking the block billing into account and plaintiff's relative success, this court finds that an award of $379,057, or 50% of the amount requested by plaintiff, appropriate. This award achieves ORS 742.061's policy goals of encouraging settlement prior to litigation while providing an equitable outcome for both parties.

Page 15 - OPINION AND ORDER

Conclusion

For the reasons stated above, plaintiff's motion for attorneys fees (doc. 114) is granted in the amount of $379,057. The parties' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 30th day of September 2011.

_____
Ann Aiken
United States District Judge